**LATHROP GPM LLP**
Laura Reathaford (SBN 254751)
laura.reathaford@lathropgpm.com
2049 Century Park East
Suite 3500S
Los Angeles, California 90067-1623
Telephone: 310.789.4600
Facsimile: 310.789.4601

Attorneys for Defendant
LITTLE CAESAR ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODRIGUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BP VENTURE MANAGEMENT, INC. DBA LITTLE CAESARS PIZZA, a California corporation; LITTLE CAESAR ENTERPRISES, INC., a corporation; and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>**[Class Action Fairness Act of 2005]**<br><br>(Sacramento Superior Court Case No. 34-2022-00330413)<br><br>State Complaint filed: November 29, 2022 |

151054.00203/106018062v.1

**DEFENDANT'S NOTICE OF REMOVAL**

**TO THIS HONORABLE COURT, PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Defendant LITTLE CAESAR ENTERPRISES, INC. ("Defendant" or "Little Caesars") hereby removes the above-captioned matter from the Superior Court of the State of California, Sacramento County, to the United States District Court for the Eastern District of California. The grounds for removal are set forth herein.

## I.   INTRODUCTION

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes. 28 U.S.C. § 1453.

2. On November 29, 2022, Plaintiff Maria Rodriguez ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of Sacramento, entitled *Maria Rodriguez, individually, and on behalf of all others similarly situated; v. BP Venture Management, Inc. DBA Little Caesars Pizza, Little Caesar Enterprises, and DOES 1 through 10, inclusive*, Case No. 34-2022-00330413 ("State Court Action"). *See*, Declaration of Laura Reathaford In Support of Notice of Removal ("Reathaford Decl.") attached hereto as Exhibit A, ¶ 3 and Exhibit B. Defendant Little Caesar Enterprises, Inc. was served with the original complaint on December 29, 2022. Reathaford Decl. ¶ 4. True and correct copies of Plaintiff's Summons, Complaint and Proof of Service, along with all of all pleadings served on Defendant in the State Court Action are attached hereto as Exhibit B.

3. The Complaint alleges nine causes of action against Defendant: (1) failure to pay minimum and straight time wages under Labor Code §§ 204, 1194, 1194.2 and 1197; (2) failure to pay overtime wages under Labor Code §§ 1194 and 1198; (3) failure to provide meal periods under Labor Code §§ 226.7 and 512; (4) failure to authorize and permit rest periods under Labor Code §§ 226.7 and 512*;* (5) failure to pay all wages owed at termination in violation of California Labor Code §§ 201-203; (6) failure to provide accurate wage statements under Labor Code §§ 226;

(7) failure to indemnify employees for expenditures under Labor Code § 2802; (8) failure to produce requested employment records under Labor Code §§ 226 and 1198.5; and (9) unfair competition under California Business & Professions Code §17200 *et seq.*

## II.   THIS COURT HAS JURISDICTION UNDER CAFA

4.   Defendant removes the State Court Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified under 28 U.S.C. § 1332(d).  CAFA provides this Court with original jurisdiction of this action and permits Defendant to remove the State Court Action from the California state court to this Court.

5.   Neither the permissive nor mandatory provisions of CAFA for declining original jurisdiction are applicable to this action.  Accordingly, as discussed in further detail below, federal jurisdiction is mandatory under CAFA.

### A.   This Matter Is A Class Action Under CAFA

6.   The State Court Action is a class action as defined by CAFA.  Pursuant to CAFA:

> [T]he term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.

See, 28 U.S.C. § 1332(d)(1)(B).

7.   Plaintiff filed the State Court Action as a putative class action seeking to represent four different subclasses in the State of California under California Code of Civil Procedure § 382.  In every sub-class, Plaintiff seeks to represent a putative class defined as "All persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent."  (Exhibit B, Complaint, ¶ 25.)

8. The California rule governing the maintenance of class actions, California Code of Civil Procedure § 382, is analogous to Federal Rule of Civil Procedure, Rule 23.

9. Therefore, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

**B.  The Court Has Diversity Jurisdiction Under CAFA**

10. Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district courts of the United States have original jurisdiction may be removed from State to Federal court.

11. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA. CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. 28 U.S.C. § 1332(d)(2), (d)(5), and § 1453(b).

    **1.  The size of Plaintiff's proposed class exceeds CAFA's 100 member minimum.**

12. In the broadest subclass, Plaintiff purports to represent "All persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Exhibit B, Complaint, ¶ 25.)

13. Plaintiff alleges that the putative class is so numerous that joinder of all class members would be impracticable. (Exhibit B, Complaint, ¶ 28(a).) Defendant believes there is in excess of eighteen-thousand seven-hundred ninety-two (18,792) current and former "hourly-paid or non-exempt employees in California." *See*, Declaration of Jeff Ambrosia In Support of Defendant's Notice of Removal

("Ambrosia Decl.") attached hereto as Exhibit C, ¶ 5.) Therefore, CAFA's minimum putative class size of 100 members is satisfied.

### 2. Diversity of citizenship exists among the parties.

14. In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

### a. Plaintiff is a citizen of California.

15. For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). A party's "place of residence" is *prima facie* evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

16. Plaintiff resides in California. (Exhibit B, Complaint, ¶ 7). Therefore, for diversity purposes, Plaintiff is a citizen of the State of California. 28 U.S.C. § 1332(a).

17. Based on the foregoing, Defendant is informed and believes, and on that basis alleges, that Plaintiff is a citizen of the State of California as of the date of this Notice of Removal.

**b.     Defendant is <u>not</u> a citizen of California.**

18.     For diversity determination purposes, Defendant is diverse from Plaintiff because it is <u>not</u> a citizen of California.

19.     "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

20.     A corporation's "principal place of business" is its "nerve center," which means "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Typically, a corporation's "nerve center" is the location where the corporation maintains its headquarters. *Id.* at 81, 92.

21.     Defendant is a corporation incorporated in the state of Michigan with its principal place of business headquartered at 2211 Woodward Avenue in Detroit, Michigan. Ambrosia Decl. ¶ 2. Defendant's Detroit headquarters is the actual center of direction, control, and coordination for the business functions central to Defendant's operations, including, but not limited to, all major human resources, payroll, legal, and administrative functions. *Id*. at ¶ 3. Defendant's senior leadership team, including its Chief Executive Officer and President, Chief Information Officer, and Senior Vice President, Human Resources and Strategic Management, also work out of the Detroit, Michigan headquarters. *Id* at ¶ 3. Thus, Defendant's principal of business is Detroit, Michigan. *See* Ambrosia Decl. ¶¶ 2-3. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is not a resident or citizen of the State of California.

22.     CAFA's diversity of citizenship requirement is therefore satisfied since at least one member of the proposed class of plaintiffs is a citizen of a state different from the Defendant. 28 U.S.C. § 1332(d)(2)(A).[1]

---

[1] Although the Complaint also names as defendants "Does 1 through 10," (Exhibit B, Complaint) the citizenship of fictitious "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(a); *e.g.*, *Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).

151054.00203/106018062v.1                                6
**DEFENDANT'S NOTICE OF REMOVAL**

23. The diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes the applicability of exceptions in 28 U.S.C. §§ 1332(d)(3) and (d)(4) because Defendant is not a citizen of the forum state of California.

### c. The total amount in controversy exceeds CAFA's jurisdictional minimum of $5 million.

24. CAFA's third requirement of diversity jurisdiction—that the aggregate claims of the individual members in a putative class action, exclusive of interest and costs, exceed the sum or value of $5 million—is also satisfied here. 28 U.S.C. §§ 1332(d)(2), (d)(6).

25. Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

26. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand). Under this standard, a good-faith estimate is sufficient; "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages,'" *Korn*, 536 F. Supp. at 1204-05. Rather, the amount must be established by a preponderance standard when the Plaintiff does not plead a specific amount of damages. *Rodriguez v. AT&T Mobility Servs., LLC,* 728 F.3d 975, 981 (9th Cir. 2013). As stated by the U.S. Supreme Court, "as specified in § 1446(a), a defendant's notice of removal need include only a

1  plausible allegation that the amount in controversy exceeds the jurisdictional threshold;" not evidentiary proof of, the amount in controversy. *Dart Cherokee Basin Operating Co. LLC et al. v. Brandon W. Owens*, 135 S.Ct. 547, 549 (2014).

27. In cases where statutory penalties are sought, "district courts in the California have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Korn* at 1205.  A defendant seeking to invoke CAFA jurisdiction can establish the amount in controversy by presenting evidence of the number of putative class members, which can then be multiplied by the damages alleged per claim to determine the amount in controversy. *Id.* at 1206.

28. The amount in controversy includes attorneys' fees if authorized by statute. *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

29. Here, while Defendant expressly denies Plaintiff's factual allegations and denies that Plaintiff or the putative class that she purports to represent is entitled to any relief for which she has prayed, it is clear that when the maximum *potential* value of the claims of the putative class members are aggregated, the Complaint puts into controversy an amount in excess of $5 million.

30. Plaintiff's Complaint seeks to recover damages, penalties, attorneys' fees, and equitable relief for (1) failure to pay minimum and straight time wages under Labor Code §§ 204, 1194, 1194.2 and 1197; (2) failure to pay overtime wages under Labor Code §§ 1194 and 1198; (3) failure to provide meal periods under Labor Code §§ 226.7 and 512; (4) failure to authorize and permit rest periods under Labor Code §§ 226.7 and 512*;* (5) failure to pay all wages owed at termination in violation of California Labor Code §§ 201-203; (6) failure to provide accurate wage statements under Labor Code §§ 226; (7) failure to indemnify employees for expenditures under Labor Code § 2802; (8) failure to produce requested employment records under Labor

Code §§ 226 and 1198.5; and (9) unfair competition under California Business & Professions Code §17200 *et seq.* (Exhibit B, Complaint.)[2]

        d.    **Plaintiff's <u>Fifth Cause of Action</u> for failure to pay all wages owed at termination places at least $18,850,363.20 in controversy.**

31. Plaintiff alleges that Defendant intentionally and willfully failed to pay the putative class members all wages at termination as required by California Labor Code sections 201, 202 and 203. (Exhibit B, Complaint, ¶¶ 59-65.)

32. Plaintiff alleges that Plaintiff and other members of the Terminated Employees Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of thirty days. The employee can also recover costs and reasonable attorney's fees. The statute of limitations under Labor Code Section § 203 is three years pursuant to *Pineda v. Bank of America*, 50 Cal. 4th 1389 (2010).

33. From November 29, 2019 to present, at least 10,708 non-exempt employees in California had been terminated from Defendant's employ. (Exhibit C, Ambrosia Decl., ¶ 5). Most of the employees in California during this time period worked four hours per day and the average hourly rate during this time period is approximately $14.67/hour. *Id.* at ¶¶ 6-7.

34. Therefore, Plaintiff's Fifth Cause of Action places at least $18,850,363.20 in controversy ($14.67/hour x 4 hours/day x 30 days x 10,708 terminated putative class members).

---

[2] Defendant does not admit that the Complaint states a claim upon which relief may be granted, or that Plaintiff or any putative class member is entitled to any damages or any other relief sought in the Complaint. Nor does Defendant admit that a class can be certified here. Defendant's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

        **a.**      **Plaintiff's <u>Second Cause of Action</u> for overtime wages places at least $2,067,589.80 in controversy.**

35. Plaintiff alleges that she and the other class members worked over eight hours in a day and/or over forty hours in a week and were not paid at the appropriate overtime rate of pay. (<u>Exhibit B</u>, Complaint, ¶¶ 42-50.)

36. If the Complaint puts in controversy five (5) hours of overtime per person for the entire time period, it places at least $2,067,589.80 in controversy under Plaintiff's overtime claim ($14.67 x 1.5 x 5 overtime hours per person x 18,792 people during at least three out of the four year putative class period).[3]

        **b.**      **Attorneys' Fees.**

37. Plaintiff also seeks recovery of attorneys' fees pursuant to the Cal. Lab. Code § 1194, Unfair Competition Law, Cal. Bus. and Prof. Code § 17200 et seq., and Cal. Code of Civ. Proc. § 1021.5 (Complaint, ¶ 50). Where attorney's fees may be recovered, they must be taken into account in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). A realistic assessment of attorneys' fees could be as much as thirty percent of the judgment. *See In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (study by the Federal Judicial Center found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period). However, conservatively assuming that Plaintiff seeks recovery attorney's fees at a 25% rate, then the sum of the attorney's fees placed in controversy by just the above two claims is $5,229,488.25.

38. Assuming the 25% multiplier is used, the total amount in controversy is $26,147,441.40 still far above the $5,000,000 necessary to invoke CAFA.

---

[3] Defendant was only able to obtain data from September 1, 2019 to December 3, 2022 in support of this Petition. However, it is reasonable to conclude that the data for the entire four-year time period (going back to November 29, 2018), would result in a higher amount in controversy.

39. These figures merely scratch the surface of the true extent of the claims alleged in Plaintiff's Complaint. Plaintiff is also seeking recovery for inaccurate itemized wage statements, missed meal and rest periods, underpayment of wages and failure to pay minimum wage, unreimbursed business expenses – *plus* attorney's fees and statutory penalties based on these claims. Taking into account the size of the putative class, it is likely that the total amount sought from each of these claims is likewise measured in the millions of dollars.

40. Based on Plaintiff's class allegations and prayer for relief, the only plausible reading of the Complaint is that the damages on behalf of the putative Class greatly exceed $5,000,000, exclusive of interest and costs. For purposes of establishing CAFA jurisdiction, Defendant does not have to prove Plaintiff's case for her – the standard is simply whether it is "more likely than not" that $5 million has been placed in controversy. *See Muniz v. Pilot Travel Ctrs., LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) (removing defendant not required to "research, state, and prove the plaintiff's claim for damages."). This standard has been amply met. Indeed, Plaintiff's termination pay claims *alone* far exceed the $5 million mark. When the additional claims are considered, along with the potential statutory penalties and attorney's fees, the true amount in controversy far exceeds the CAFA minimum.

41. Because this is a civil action in which the matter in controversy exceeds the sum of $5,000,000 and is a class action in which at least one member of the putative class is a citizen of a State different from one Defendant, the Court has original jurisdiction under CAFA, and each alleged cause of action contained therein, under 28 U.S.C. § 1332(d). The requirements for removal under 28 U.S.C. §§ 1332(d) and 1453(b) are satisfied.

## II. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

### A. This Notice of Removal Is Timely

42. This Notice of Removal is timely filed, pursuant to 28 U.S.C. sections 1446(b) and 1453(b), because it is filed and served within thirty (30) days after

1  Defendant was first served with the Complaint.  Plaintiff personally served Defendant
2  Inc. with a copy of the Summons and Complaint on December 29, 2022.  (Exhibit A,
3  Reathaford Decl., ¶ 4).  Regardless, counsel for Defendant was not on notice of the
4  case's removability under CAFA until approximately January 23, 2023, when certain
5  payroll data necessary to calculate the amount placed in controversy by Plaintiff's
6  Complaint was gathered and analyzed. (Exhibit A, Reathaford Decl., ¶ 5.)

7  43.  No previous Notice of Removal has been filed or made with this Court
8  for the relief sought herein. (Exhibit A, Reathaford Decl., ¶ 6.)

9  **B.  Venue Is Proper**

10  44.  This action was originally filed in the California Superior Court for the
11  County of San Joaquin.  Venue is therefore proper in United States District Court for
12  the Eastern District of California, pursuant to 28 U.S.C. § 1441 (a), because this
13  District encompasses the county in which this action has been pending since its
14  inception.

15  **III.  CONCLUSION**

16  45.  WHEREFORE, Defendant respectfully submits that: (1) CAFA applies
17  to this action because the proposed class contains at least 100 members, (2) at least
18  one member of the proposed class is a citizen of a state different than Defendant's
19  states of citizenship, (3) the aggregate amount in controversy exceeds $5 million, and
20  (4) the procedural requirements under 28 U.S.C. § 1446 are met.  For these reasons,
21  this action is properly removed to this Court.

22  46.  To the extent the Court has reservations about the removal or is
23  inclined to remand this action, Defendant respectfully requests that the Court first
24  issue an order to show cause as to why the case should not be remanded and afford
25  the parties an opportunity to provide the Court with full briefing and argument.

26  47.  Defendant provides notice that the case pending in the California
27  Superior Court for the County of Sacramento with number 34-2022-00330413 has
28  been removed to the United States District Court for the Eastern District of California

1 | for all further proceedings.
2 |
3 | DATED:  January 27, 2023          LATHROP GPM LLP
4 |
5 |
6 |                                   By: /s/ Laura Reathaford
7 |                                       Laura Reathaford
   |                                       Attorneys for Defendant
   |                                       LITTLE CAESAR ENTERPRISES, INC.