FILED
Superior Court Of California,
Sacramento
11/29/2022
aburdette1
By_____, Deputy
Case Number:
34-2022-00330413

**FILE BY FAX**

Justin F. Marquez (SBN 262417)
justin@wilshirelawfirm.com
Christina M. Le (SBN 237697)
cle@wilshirelawfirm.com
Zachary D. Greenberg (SBN 331501)
zgreenberg@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

WILSHIRE LAW FIRM, PLC.
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| MARIA RODRIGUEZ, individually, and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT:** |
| v. | 1.  Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); |
| BP VENTURE MANAGEMENT, INC. DBA LITTLE CAESARS PIZZA, a California corporation; LITTLE CAESAR ENTERPRISES, INC., a corporation; and DOES 1 through 10, inclusive, | 2.  Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); |
| | 3.  Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); |
| Defendants. | 4.  Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); |
| | 5.  Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); |
| | 6.  Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); |
| | 7.  Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); |
| | 8.  Failure to Produce Requested Employment Records (Cal. Lab. Code §§ 226 and 1198.5); and |
| | 9.  Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff MARIA RODRIGUEZ ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants BP VENTURE MANAGEMENT, INC. DBA LITTLE CAESARS PIZZA, LITTLE CAESAR ENTERPRISES, INC., and DOES 1 through 10 (hereinafter collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, failure to furnish accurate wage statements, failure to indemnify employees for expenditures, and failure to produce requested employment records.

2.      Plaintiff brings the First through Ninth Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.      Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Sacramento County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.      Despite these requirements, throughout the statutory period, Defendants maintained a systematic, company-wide policy and practice of:

(a)      Failing to pay employees for all hours worked, including all minimum, straight time, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

    (b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

    (c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

    (d)    Willfully failing to pay employees all expenditures, minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

    (e)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders;

    (f)    Failing to indemnify employees for expenditures incurred in direct discharge of duties of employment; and,

    (g)    Failing to timely produce requested employment records as required by the California Labor Code and IWC Wage Order;

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of

2

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010 1137

1 | "respondeat superior."

2 | **THE PARTIES**

3 | **A.**  **Plaintiff**

4 | 7.  Plaintiff MARIA RODRIGUEZ is a California resident who worked for

5 | Defendants in County, California as an hourly-paid, non-exempt employee from approximately

6 | October 2021 to approximately August 2022.

7 | 8.  Plaintiff reserves the right to seek leave to amend this complaint to add new

8 | Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v.*

9 | *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

10 | **B.**  **Defendants**

11 | 9.  Plaintiff is informed and believes, and based upon that information and belief

12 | alleges, that Defendants BP VENTURE MANAGEMENT, INC. DBA LITTLE CAESARS

13 | PIZZA and LITTLE CAESAR ENTERPRISES, INC. are, and at all times herein mentioned,

14 | was:

15 | (a)  A business entities qualified to do business and actually conducting

16 | business in numerous counties throughout the State of California, including

17 | in Sacramento County; and,

18 | (b)  The former employer(s) of Plaintiff and the current and/or former employer

19 | of the putative Class because Defendants BP VENTURE

20 | MANAGEMENT, INC. DBA LITTLE CAESARS PIZZA and LITTLE

21 | CAESAR ENTERPRISES, INC. suffered and permitted Plaintiff and the

22 | Class to work, and/or controlled their wages, hours, or working conditions.

23 | 10.  Plaintiff does not know the true names or capacities of the persons or entities sued

24 | herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.

25 | Each of the Doe Defendants was in some manner legally responsible for the damages suffered by

26 | Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true

27 | names and capacities of these Defendants when they have been ascertained, together with

28 | appropriate charging allegations, as may be necessary.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

1    11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and

2  each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

3  and/or injured a significant number of the Plaintiff and the Class in the State of California.

4    12.    Plaintiff is informed and believes and thereon alleges that at all relevant times

5  each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

6  the other employees described in the class definitions below, and exercised control over their

7  wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges

8  that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

9  director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

10  and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

11  or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

12  some or all of the other Defendants so as to be liable for their conduct with respect to the matters

13  alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted

14  pursuant to and within the scope of the relationships alleged above; that each Defendant knew or

15  should have known about, and authorized, ratified, adopted, approved, controlled, aided and

16  abetted the conduct of all other Defendants.

17  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18    13.    Plaintiff worked for Defendants in California as an hourly-paid, non-exempt

19  employee. During Plaintiff's employment for Defendants, Defendants paid Plaintiff an hourly

20  wage and classified her as non-exempt from overtime. Defendants typically scheduled Plaintiff

21  to work at least five days in a workweek.

22    14.    Throughout Plaintiff's employment, Defendants failed to pay for all hours worked

23  (including minimum, straight time, and overtime wages), failed to provide Plaintiff with legally

24  compliant meal periods, failed to authorize and permit Plaintiff to take rest periods, failed to

25  timely pay all final wages to Plaintiff when Defendants terminated her employment, failed to

26  furnish accurate wage statements to Plaintiff, failed to indemnify Plaintiff for expenditures, and

27  failed to produce requested employment records. As discussed below, Plaintiff's experience

28  working for Defendants was typical and illustrative.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd 12th Floor
Los Angeles, CA 90010-1137

4

15.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including minimum, straight time, and overtime wages. Defendants required Plaintiff and the Class to work "off-the-clock", uncompensated, by, for example, requiring Plaintiff and the Class to continue working during unpaid meal periods. Some of this unpaid work should have been paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiff and the Class worked.

16.    Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Instead, Defendants continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiff and the Class permission to take a meal period. Accordingly, Defendants' policy and practice was not to provide meal periods to Plaintiff and the Class in compliance with California law.

17.    Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take legally compliant rest periods. Defendants regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiff and the Class permission to take a rest period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the

1   Class to take rest periods in compliance with California law.

2       18.    Throughout the statutory period, Defendants willfully failed and refused to timely

3   pay Plaintiff and the Class all final wages due at their termination of employment. In addition,

4   Plaintiff's final paychecks did not include payment for all expenditures, minimum wages,

5   straight time wages, overtime wages, meal period premium wages, and rest period premium

6   wages owed to her by Defendants at the conclusion of her employment. On information and

7   belief, Defendants' failure to timely pay Plaintiff's final wages when her employment terminated

8   was not a single, isolated incident, but was instead consistent with Defendants' policy and

9   practice that applied to Plaintiff and the Class.

10       19.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the

11   Class with accurate, itemized wage statements showing all applicable hourly rates, all overtime

12   hourly rates, and all gross and net wages earned (including correct hours worked, correct wages

13   for meal periods that were not provided in accordance with California law, and correct wages for

14   rest periods that were not authorized and permitted to take in accordance with California law).

15   As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class

16   suffered injury because, among other things:

17           (a)    the violations led them to believe that they were not entitled to be paid

18               minimum, straight time, overtime, meal period premium, and rest period

19               premium wages, even though they were entitled;

20           (b)    the violations led them to believe that they had been paid the minimum,

21               straight time, overtime, meal period premium, and rest period premium

22               wages, even though they had not been;

23           (c)    the violations led them to believe they were not entitled to be paid minimum,

24               straight time, overtime, meal period premium, and rest period premium

25               wages at the correct California rate even though they were entitled;

26           (d)    the violations led them to believe they had been paid minimum, straight time,

27               overtime, meal period premium, and rest period premium wages at the

28               correct California rate even though they had not been;

WILSHIRE LAW FIRM, PLC<br>3055 Wilshire Blvd.<br>Los Angeles, CA 90010-1137

(e)     the violations hindered them from determining the amounts of minimum, straight time, overtime, meal period premium, and rest period premium wages owed to them;

(f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)     by understating the wages truly due to them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)     the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e) and injunctive relief under California Labor Code § 226(h).

20.     Throughout the statutory period, Defendants have wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants. Plaintiff and the Class regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, of work attire and equipment and use of personal cell phones.

21.     Plaintiff and the Class incurred substantial expenses as a direct result of performing their job duties for Defendants, but Defendants failed to indemnify Plaintiff and the Class for these employment-related expenses.

22.     On May 6, 2022 and August 4, 2022, Plaintiff sent requests through her counsel to Defendants for her personnel file, pay records, wage statements, timekeeping records, and other employment-related documents pursuant to Labor Code section 226 and 1198.5. However,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

1   Defendants failed to timely produce the requested employment records, in violation of Labor

2   Code sections 226 and 1198.5. Defendants have not produced any of the requested employment

3   records for Plaintiff as of the date of this Complaint.

## CLASS ACTION ALLEGATIONS

5       23.     Plaintiff brings certain claims individually, as well as on behalf of each and all

6   other persons similarly situated, and thus, seeks class certification under California Code of Civil

7   Procedure § 382.

8       24.     All claims alleged herein arise under California law for which Plaintiff seeks relief

9   authorized by California law.

10      25.     The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as an hourly-paid or
> non-exempt employee at any time during the period beginning four years and 178
> days before the filing of the initial complaint in this action and ending when
> notice to the Class is sent.[1]

14      26.     At all material times, Plaintiff was a member of the Class.

15      27.     Plaintiff undertook this concerted activity to improve the wages and working

16  conditions of all Class Members.

17      28.     There is a well-defined community of interest in the litigation and the Class is

18  readily ascertainable:

19          (a)     Numerosity:  The members of the Class (and each subclass, if any) are so

20                  numerous that joinder of all members would be unfeasible and impractical.

21                  The membership of the entire Class is unknown to Plaintiff at this time;

22                  however, the Class is estimated to be greater than forty (40) individuals

23                  and the identity of such membership is readily ascertainable by inspection

24                  of Defendants' records.

25          (b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect

26                  the interests of each Class Member with whom there is a shared, well-

---

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a)
(California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed
180 days are tolled from April 6, 2020 to October 1, 2020."

defined community of interest, and Plaintiff's claims (or defenses, if any)

are typical of all Class Members' claims as demonstrated herein.

(c)    Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect

the interests of each Class Member with whom there is a shared, well-

defined community of interest and typicality of claims, as demonstrated

herein. Plaintiff has no conflicts with or interests antagonistic to any Class

Member. Plaintiff's attorneys, the proposed class counsel, are versed in

the rules governing class action discovery, certification, and settlement.

Plaintiff has incurred, and throughout the duration of this action, will

continue to incur costs and attorneys' fees that have been, are, and will be

necessarily expended for the prosecution of this action for the substantial

benefit of each class member.

(d)    Superiority: A Class Action is superior to other available methods for the

fair and efficient adjudication of the controversy, including consideration

of:

1)    The interests of the members of the Class in individually

controlling the prosecution or defense of separate actions;

2)    The extent and nature of any litigation concerning the controversy

already commenced by or against members of the Class;

3)    The desirability or undesirability of concentrating the litigation of

the claims in the particular forum; and,

4)    The difficulties likely to be encountered in the management of a

class action.

(e)    Public Policy Considerations: The public policy of the State of California

is to resolve the California Labor Code claims of many employees through

a class action. Indeed, current employees are often afraid to assert their

rights out of fear of direct or indirect retaliation. Former employees are

also fearful of bringing actions because they believe their former

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

9

employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

29. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum, straight time, and overtime wages;

(b) Failed to provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to provide Class Members with timely final wages;

(e) Failed to provide Class Members with accurate wage statements;

(f) Failed to indemnify Class Members for expenditures;

(g) Failed to produce requested employment records to Class Members; and,

(h) Violated California Business & Professions Code §§ 17200 et. seq. as a result of their illegal conduct as described above.

30. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010 -1137

(d)     Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)     Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

31.     Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

11

Class and deemed necessary and/or appropriate by the Court.

**FIRST CAUSE OF ACTION**

**(Against All Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)**

32.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

33.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

34.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of California Labor Code § 1194, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

35.     Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

36.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

37.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class and which will be ascertained according to proof at trial.

38.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

39.     Pursuant to California Labor Code § 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

40.     California Labor Code § 204 requires employers to provide employees with all

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1    wages due and payable twice a month.  Throughout the statute of limitations period applicable to

2    this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates

3    required by law, including minimum and straight time wages.  However, during all such times,

4    Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due

5    and failed to pay those wages twice a month.

6         41.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum

7    and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California

8    Labor Code §§ 218.5, 218.6, and 1194(a).

9                          **SECOND CAUSE OF ACTION**

10             **(Against All Defendants for Failure to Pay Overtime Wages)**

11         42.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

12    paragraphs 1 through 22 in this Complaint.

13         43.    California Labor Code § 510 provides that employees in California shall not be

14    employed more than eight hours in any workday or forty (40) hours in a workweek unless they

15    receive additional compensation beyond their regular wages in amounts specified by law.

16         44.    California Labor Code §§ 1194 and 1198 provide that employees in California

17    shall not be employed more than eight hours in any workday unless they receive additional

18    compensation beyond their regular wages in amounts specified by law.  Additionally, California

19    Labor Code § 1198 states that the employment of an employee for longer hours than those fixed

20    by the IWC is unlawful.

21         45.    At all times relevant hereto, Plaintiff and the Class have worked more than eight

22    hours in a workday and/or more than forty (40) hours in a workweek, as employees of

23    Defendants.

24         46.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class

25    overtime compensation for the hours they have worked in excess of the maximum hours

26    permissible by law as required by California Labor Code §§ 510 and 1198.

27         47.    By virtue of Defendants' unlawful failure to pay additional premium rate

28    compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

13

1  Class have suffered, and will continue to suffer, damages in amounts which are presently

2  unknown to them but which exceed the jurisdictional minimum of this Court and which will be

3  ascertained according to proof at trial.

4      48.    By failing to keep adequate time records required by Labor Code § 1174(d),

5  Defendants have made it difficult to calculate the full extent of overtime compensation due to

6  Plaintiff and the Class.

7      49.    Plaintiff and the Class also request recovery of overtime compensation according

8  to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well

9  as the assessment of any statutory penalties against Defendants, in a sum as provided by the

10  California Labor Code and/or other statutes.

11     50.    California Labor Code § 204 requires employers to provide employees with all

12  wages due and payable twice a month.  The Wage Orders also provide that every employer shall

13  pay to each employee, on the established payday for the period involved, overtime wages for all

14  overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class

15  with all compensation due, in violation of California Labor Code § 204.

16                        **THIRD CAUSE OF ACTION**

17        **(Against All Defendants for Failure to Provide Meal Periods)**

18     51.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

19  paragraphs 1 through 22 in this Complaint.

20     52.    Under California law, Defendants have an affirmative obligation to relieve the

21  Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

22  start of Plaintiff's and the Class' sixth hour of work in a workday, and to take their second meal

23  periods no later than the start of the eleventh hour of work in the workday.  California Labor

24  Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide

25  unpaid meal periods of at least thirty (30) minutes for each five-hour period worked.  It is a

26  violation of California Labor Code § 226.7 for an employer to require any employee to work

27  during any meal period mandated under any Wage Order.

28     53.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

14

1 and the Class with both meal periods as required by California law. By their failure to permit

2 and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact

3 that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

4 Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable

5 Wage Orders.

6       54.     Under California law, Plaintiff and the Class are entitled to be paid one hour of

7 additional wages for each workday he or she was not provided with all required meal period(s),

8 plus interest thereon.

9 **FOURTH CAUSE OF ACTION**

10 **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

11       55.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

12 paragraphs 1 through 22 in this Complaint.

13       56.     Defendants are required by California law to authorize and permit breaks of ten

14 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

15 two hours). California Labor Code § 512, the applicable Wage Orders require that the employer

16 permit and authorize all employees to take paid rest periods of ten minutes each for each 4-hour

17 period worked. Thus, for example, if an employee's work time is six hours and ten minutes, the

18 employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is

19 itself a violation of California's rest break laws. It is a violation of California Labor Code §

20 226.7 for an employer to require any employee to work during any rest period mandated under

21 any Wage Order.

22       57.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the

23 Class to take rest breaks, regardless of whether employees worked more than four hours in a

24 workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as

25 alleged above (or due to the fact that Defendants made it impossible or impracticable to take

26 these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor

27 Code § 226.7 and the applicable Wage Orders.

28       58.     Under California law, Plaintiff and the Class are entitled to be paid one hour of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1   premium wages rate for each workday he or she was not provided with all required rest break(s),

2   plus interest thereon.

3   ## FIFTH CAUSE OF ACTION

4   **(Against All Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time**

5   **Penalties)**

6      59.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

7   paragraphs 1 through 22 in this Complaint.

8      60.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if

9   an employer discharges an employee, the wages earned and unpaid at the time of discharge are

10   due and payable immediately, and that if an employee voluntarily leaves his or her employment,

11   his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

12   unless the employee has given seventy-two (72) hours previous notice of his or her intention to

13   quit, in which case the employee is entitled to his or her wages at the time of quitting.

14      61.    Within the applicable statute of limitations, the employment of many other

15   members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of

16   others will be. However, during the relevant time period, Defendants failed, and continue to fail

17   to pay terminated Class Members, without abatement, all wages required to be paid by California

18   Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of

19   their leaving Defendants' employ.

20      62.    Defendants' failure to pay those Class members who are no longer employed by

21   Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

22   hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and

23   202.

24      63.    California Labor Code § 203 provides that if an employer willfully fails to pay

25   wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue

26   as a penalty wage from the due date, and at the same rate until paid or until an action is

27   commenced; but the wages shall not continue for more than thirty (30) days.

28      64.    The Class is entitled to recover from Defendants their additionally accruing wages

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1   for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days

2   maximum pursuant to California Labor Code § 203.

3        65.   Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class is also

4   entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this

5   action.

6   <u>**SIXTH CAUSE OF ACTION**</u>

7   **(Against All Defendants for Failure to Provide and Maintain Accurate and Compliant**

8   **Wage Records)**

9        66.   Plaintiff incorporates by reference and re-alleges as if fully stated herein

10   paragraphs 1 through 22 in this Complaint.

11        67.   At all material times set forth herein, California Labor Code § 226(a) provides that

12   every employer shall furnish each of his or her employees an accurate itemized wage statement

13   in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

14   worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

15   if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

16   on written orders of the employee may be aggregated and shown as one item, (5) net wages

17   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

18   employee and the last four digits of his or her social security number or an employee

19   identification number other than a social security number, (8) the name and address of the legal

20   entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

21   the corresponding number of hours worked at each hourly rate by the employee.

22        68.   Defendants have intentionally and willfully failed to provide employees with

23   complete and accurate wage statements. The deficiencies include, among other things, the

24   failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list

25   the true "total hours worked by the employee," and the failure to list the true net wages earned.

26        69.   As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

27   and the Class have suffered injury and damage to their statutorily protected rights.

28        70.   Specifically, Plaintiff and the members of the Class have been injured by

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

17

1  Defendants' intentional violation of California Labor Code § 226(a) because they were denied

2  both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

3  statements under California Labor Code § 226(a).

4      71.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and

5  time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as

6  a result of having to bring this action to attempt to obtain correct wage information following

7  Defendants' refusal to comply with many of the mandates of California's Labor Code and related

8  laws and regulations.

9      72.    Plaintiff and the Class are entitled to recover from Defendants the greater of their

10  actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or

11  an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

12      73.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

13  attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

14  Code § 226(h).

15                          **SEVENTH CAUSE OF ACTION**

16  **(Against All Defendants for Failure to Indemnify Employees for Expenditures)**

17      74.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

18  paragraphs 1 through 22 in this Complaint.

19      75.    As set forth above, Plaintiff and the Class were required to incur substantial

20  necessary expenditures and losses in direct consequence of the discharge of their duties or of

21  their obedience to directions of Defendants.

22      76.    Defendants violated California Labor Code § 2802, by failing to pay and

23  indemnify Plaintiff and the Class for necessary expenditures and losses incurred in direct

24  consequence of the discharge of their duties or of their obedience to directions of Defendants.

25      77.    As a result, Plaintiff and the Class were damaged at least in the amounts of the

26  expenses they paid, or which were deducted by Defendants from their wages.

27      78.    Plaintiff and the Class are entitled to reasonable attorney's fees, expenses, and

28  costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

18

Labor Code § 2802(b).

## EIGHTH CAUSE OF ACTION

### (Against All Defendants for Failure to Produce Requested Employment Records)

79.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

80.     Pursuant to California Labor Code § 226, current and former employees have the right to inspect or receive a copy of their records pertaining to their employment, upon reasonable request to their employer.  Under this statute, an employer that receives a request to inspect or receive a copy of records pertaining to a current or former employee must comply with the request as soon as practicable, but no later than twenty-one (21) calendar days from the date of the request.

81.     Pursuant to California Labor Code § 1198.5(a), every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.  Under this statute, upon written request from a current or former employee or his or her representative, an employer must make the contents of those personnel records available for inspection or provide a copy of the personnel records to the current or former employee, or his or her representative, not later than thirty (30) calendar days from the date the employer receives the written request, subject to some limited exceptions. Failure to comply with these requests allows for a civil penalty of seven hundred fifty dollars ($750), pursuant to Labor Code §§ 1198.5(k) and 226(f).

82.     As set forth above, Plaintiff and the Class are current and former employees of Defendants.

83.     As set forth above, Plaintiff sent written requests through her counsel to Defendants for her payroll records, timecards, and personnel records.  However, Plaintiff has not received any of her requested records as of the date of this Complaint.

84.     Defendants violated California Labor Code §§ 226 and 1198.5 by failing to timely produce the required records requested by Plaintiff.

19

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

85.   On information and belief, Defendants' failure to provide Plaintiff with her requested employment records is not an isolated incident but was instead consistent with Defendants' policy and practice that applied to Plaintiff and the Class.

86.   Pursuant to California Labor Code §§ 226 and 1198.5, Plaintiff and the Class are entitled to a penalty of seven hundred fifty dollars ($750) from Defendants, injunctive relief in the form of compliance with sections 226 and 1198.5, and attorneys' fees and costs.

## NINTH CAUSE OF ACTION

**(Against All Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

87.   Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

88.   Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

89.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

90.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

91.   A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

### Failure to Pay Minimum and Straight Time Wages

92.   Defendants' failure to pay minimum and straight time wages, and other benefits in

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Pay Overtime Wages

93.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Provide Meal Periods

94.     Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Authorize and Permit Rest Periods

95.     Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

### Failure to Indemnify Business Expenses

96.     Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200 *et seq.*

97.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

98.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

99.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and

the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

100.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to, and does, seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants. and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

101.    Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

102.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

103.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

///

<u>Class Certification</u>

1.     That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action;

2.     That Plaintiff be appointed as the representative of the Class; and,

3.     That counsel for Plaintiff be appointed as Class Counsel.

<u>As to the First Cause of Action</u>

4.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5.     For unpaid wages as may be appropriate;

6.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For liquidated damages;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.     For unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15.     That the Court declare, adjudge, and decree that Defendants violated California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

23

1    Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

2        16.    For unpaid meal period premium wages as may be appropriate;

3        17.    For pre-judgment interest on any unpaid compensation commencing from the date

4    such amounts were due;

5        18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

6    and for costs of suit incurred herein; and,

7        19.    For such other and further relief as the Court may deem equitable and appropriate.

8                        As to the Fourth Cause of Action

9        20.    That the Court declare, adjudge, and decree that Defendants violated California

10   Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

11       21.    For unpaid rest period premium wages as may be appropriate;

12       22.    For pre-judgment interest on any unpaid compensation commencing from the date

13   such amounts were due;

14       23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

15   and for costs of suit incurred herein; and,

16       24.    For such other and further relief as the Court may deem equitable and appropriate.

17                        As to the Fifth Cause of Action

18       25.    That the Court declare, adjudge and decree that Defendants violated California

19   Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

20   termination of the employment;

21       26.    For statutory wage penalties pursuant to California Labor Code § 203 for former

22   employees who have left Defendants' employ;

23       27.    For pre-judgment interest on any unpaid wages from the date such amounts were

24   due;

25       28.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

26       29.    For such other and further relief as the Court may deem equitable and appropriate.

27                        As to the Sixth Cause of Action

28       30.    That the Court declare, adjudge, and decree that Defendants violated the record

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

24

CLASS ACTION COMPLAINT

1  keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and

2  willfully failed to provide accurate itemized wage statements thereto;

3    31.   For all actual damages, according to proof;

4    32.   For statutory penalties pursuant to California Labor Code § 226(e);

5    33.   For injunctive relief to ensure compliance with this section, pursuant to California

6  Labor Code § 226(h);

7    34.   For reasonable attorneys' fees and for costs of suit incurred herein; and,

8    35.   For such other and further relief as the Court may deem equitable and appropriate.

9                    As to the Seventh Cause of Action

10    36.   That the Court declare, adjudge, and decree that Defendants violated California

11  Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

12    37.   For unpaid wages or unreimbursed business expenses as may be appropriate;

13    38.   For pre-judgment interest on any unpaid compensation commencing from the date

14  such amounts were due;

15    39.   For reasonable attorneys' fees and for costs of suit incurred herein; and,

16    40.   For such other and further relief as the Court may deem equitable and appropriate.

17                    As to the Eighth Cause of Action

18    41.   That the Court declare, adjudge, and decree that Defendants violated the records

19  producing provisions of California Labor Code §§ 226 and 1198.5 and applicable IWC Wage

20  Orders, and willfully failed to produce the required and requested documents thereto;

21    42.   For all actual damages, according to proof;

22    43.   For statutory penalties pursuant to the California Labor Code §§ 226 and 1198.5;

23    44.   For injunctive relief to ensure compliance with this section, pursuant to California

24  Labor Code § 226(h);

25    45.   For reasonable attorneys' fees and for costs of suit incurred herein; and,

26    46.   For such other and further relief as the Court may deem equitable and appropriate.

27                    As to the Ninth Cause of Action

28    47.   That the Court declare, adjudge, and decree that Defendants violated California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

25

Business & Professions Code §§ 17200, *et seq.* by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, and failing to indemnify employees for expenditures;

48.     For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

49.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

50.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

51.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

52.     For such other and further relief as the Court may deem equitable and appropriate.

As to all Causes of Action

53.     For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated: November 28, 2022                    **WILSHIRE LAW FIRM**

By: _____
       Justin F. Marquez
       Christina M. Le
       Zachary D. Greenberg

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: November 28, 2022                    **WILSHIRE LAW FIRM**

By: _____
       Justin F. Marquez
       Christina M. Le
       Zachary D. Greenberg

Attorneys for Plaintiff

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

FILED
Superior Court Of California,
Sacramento (FOR COURT USE ONLY / PARA USO DE LA CORTE)
11/30/2022
sburdette1
By ........................................ , Deputy
Case Number:
34-2022-00330413

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BP VENTURE MANAGEMENT, INC. DBA LITTLE CAESARS PIZZA, a
California corporation; LITTLE CAESAR ENTERPRISES, INC., a corporation; and
DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA RODRIGUEZ, individually, and on behalf of all others
similarly situated

**FILE BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court

CASE NUMBER:
*(Número del Caso):*

Gordon D. Schaber Sacramento County Courthouse
720 9th Street, Sacramento, California 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Justin F. Marquez, Wilshire Law Firm, 3055 Wilshire Blvd., 12th Fl., Los Angeles, CA 90010; (213) 381-9988

DATE: **NOV 3 0 2022**
*(Fecha)*

Clerk, by _Burdett_ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILE BY FAX

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Justin F. Marquez (#262417), Christina M. Le (#297697), Zachary Greenberg (#341607)
Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010

TELEPHONE NO.: (213) 381-9988    FAX NO. (Optional): (213) 381-9989
E-MAIL ADDRESS: justin@wilshirelawfirm.com
ATTORNEY FOR (Name): Plaintiff Maria Rodriguez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Maria Rodriguez v. BP Venture Management, Inc. dba Little Ceasars Pizza, et al.

FILED
Superior Court Of California,
Sacramento
11/29/2022
sburdette1
By_____, Deputy
Case Number:
34-2022-00330413

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [x] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 28, 2022

Justin F. Marquez, Esq.
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

RECEIVED
IN LOBBY DROP BOX

2022 NOV 29  PM 2:05

SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

**Case Title:**   *MARIA RODRIGUEZ v. BP VENTURE MANAGEMENT INC*   **Case Number**: *2022-00330413*

Having reviewed and considered the pleadings on file, the court orders:

☑ **THE CASE IS DEEMED COMPLEX** and is assigned to:

_✓_ Hon. Jill Talley presiding in department 25          _____ Hon. Lauri Damrell presiding in dept. 28

This assignment is for all purposes pursuant to California Rules of Court 3.734, et seq. for complex case management, law and motion, and pre-assigned to this department for trial. Other motions reference in Local Rule 1.05 shall also be heard in this department.

| This action involves one or more of the following: | The action is likely to involve: |
|---|---|
| ☐ Antitrust or trade regulations claims | ☑ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve |
| ☐ Construction defect claims involving many parties | ☑ Management of large number of witnesses or a substantial amount of documentary evidence |
| ☐ Securities claims or investment losses involving many parties | ☐ Management of a large number of separately represented parties |
| ☐ Environmental or toxic tort claims involving many parties | ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court |
| ☐ Claims involving mass torts | |
| ☑ Claims involving class actions | ☐ Substantial post judgment judicial supervision |
| ☐ Insurance coverage claims arising out of any of the claims lited above | ☐ Other: |

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐ **THE CASE IS DECLARED NOT COMPLEX:** Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

**The plaintiff is directed to serve all other parties with a copy of this order.**

DATED: ___12/15/2022___

STEVEN GEVERCER
Supervising Judge Civil Division
Superior Court of California, County of Sacramento

**CERTIFICATE OF SERVICE BY MAILING**
**(C.C.P. Sec. 1013a(4))**

MARIA RODRIGUEZ v. BP VENTURE MANAGEMENT INC
Case No.: 2022-00330413

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **NOTICE and ORDER OF COMPLEX CASE DETERMINATION,** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

**JUSTIN F. MARQUEZ**
WILSHIRE LAW FIRM
3055 Wilshire Blvd 12th Floor
Los Angeles, CA 90010

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated: 12/16/22

Superior Court of California,
County of Sacramento

A.O'Donnell

A. MUIR-HARRISON

**FILE BY FAX**

| Attorney or Party without Attorney: | | Superior Court of California, |
|---|---|---|
| Justin F. Marquez, Esq., Bar #262417 | | Sacramento |
| Wilshire Law Firm, PLC | | 12/29/2022 |
| 3055 Wilshire Blvd, 12th Floor | | erubiodelrio |
| Los Angeles, CA 90010 | | By ............................... , Deputy |
| Telephone No: 213-381-9988    FAX No: 213-381-9989 | Ref. No. or File No.: | Case Number: |
| Attorney for: Plaintiff | | 34-2022-00330413 |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| Sacramento Superior Court |

Plaintiff: Maria Rodriguez

Defendant: BP Venture Management, Inc., et al.

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| Summons & Complaint | | | | 34202200330413 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons & Complaint; ADR Information Package; Civil Case Cover Sheet; Program Case Notice; Notice and Order of Complex Case Determination

3. a. Party served:         BP Venture Management, Inc. dba Little Caesars Pizza, a California corporation
   b. Person served:        Mark Payne, Agent for Service

4. Address where the party was served:       5180 Stampede Lane
                                              Shingle Springs, CA 95682

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Dec. 28, 2022 (2) at: 4:20PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: BP Venture Management, Inc. dba Little Caesars Pizza, a California corporation
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Celina Alvarado

   d. **The Fee** for Service was:

   1500 W. El Camino Avenue, #510          e.  I am: (3) registered California process server
   **Sacramento, CA 95833**                    (i)   Independent Contractor
   855-5VALPRO, Fax (866) 900-4665            (ii)  Registration No.:        2018-39
   Valpro  www.ValProAttorneyServices.com     (iii) County:                 Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: **Wed, Dec. 28, 2022**

| Judicial Council Form POS-010 | PROOF OF SERVICE | (Celina Alvarado) |
|---|---|---|
| Rule 2.150.(a)&(b) Rev January 1, 2007 | Summons & Complaint | junuar.53892 |

RECEIVED
IN LOBBY DROP BOX

2022 DEC 29  PM 2:24

SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

**FILE BY FAX**

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Justin F. Marquez, Esq., Bar #262417<br>Wilshire Law Firm, PLC<br>3055 Wilshire Blvd, 12th Floor<br>Los Angeles, CA 90010<br>*Telephone No:* 213-381-9988     *FAX No:* 213-381-9989 | Superior Court Of California,<br>Sacramento<br>12/29/2022<br>erubiondelrio<br>By................................. , Deputy<br>Case Number:<br>34-2022-00330413 |

| | | |
|---|---|---|
| | | *Ref. No. or File No.:* |
| *Attorney for:* Plaintiff | | |

*Insert name of Court, and Judicial District and Branch Court:*
Sacramento Superior Court

*Plaintiff:* Maria Rodriguez

*Defendant:* BP Venture Management, Inc., et al.

| **PROOF OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>34202200330413 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons & Complaint; ADR Information Package; Civil Case Cover Sheet; Program Case Notice; Notice and Order of Complex Case Determination

3. *a: Party served:*      Little Caesar Enterprises, Inc., a corporation
    *b: Person served:*     Jessie Gastelum, Person Authorized to Accept

4. *Address where the party was served:*     CT Corporation
                                    330 N. Brand Blvd, Suite 700
                                    Glendale, CA 91203

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Dec. 28, 2022 (2) at: 11:32AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* Little Caesar Enterprises, Inc., a corporation
    Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Bruce Anderson

    d. ***The Fee** for Service was:*

    **1500 W. El Camino Avenue, #510**
    **Sacramento, CA 95833**
    **855-5VALPRO, Fax (866) 900-4665**
    *Valpro* **www.ValproAttorneyServices.com**

    e. I am: (3) registered California process server
        *(i)*    Independent Contractor
        *(ii)*   *Registration No.:*    2016038557
        *(iii) County:*          Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Wed, Dec. 28, 2022*

                                                    (Bruce Anderson)

Judicial Council Form POS-010           **PROOF OF SERVICE**                                   *jamar.53893*
Rule 2.150.(a)&(b) Rev January 1, 2007   Summons & Complaint

RECEIVED
IN LOBBY DROP BOX

2022 DEC 29  PM 2: 24

CLERK OF THE SUPERIOR
COURT OF THE
STATE OF CALIFORNIA
SACRAMENTO COUNTY

FILED
Superior Court Of California,
Sacramento
01/24/2023
erubiodelrio
By_____, Deputy
Case Number:
34-2022-00330413

1  **LATHROP GPM LLP**
   Laura Reathaford (SBN 254751)
2  laura.reathaford@lathropgpm.com
   2049 Century Park East, Suite 3500S
3  Los Angeles, CA  90067
   Telephone:     310.789.4600
4  Facsimile:      310.789.4601
5
   Attorneys for Defendant,
6  LITTLE CAESAR ENTERPRISES, INC.
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                        **COUNTY OF SACRAMENTO**
10
11 | MARIA RODRIGUEZ, individually and on | Case No. 34-2022-00330413 |
   behalf of other individuals similarly situated,
12                                        **DEFENDANT LITTLE CAESAR**
                        Plaintiff,        **ENTERPRISES, INC.'S ANSWER TO**
13                                        **PLAINTIFFS' UNVERIFIED**
                                          **COMPLAINT**
14     v.
15 BP VENTURE MANAGEMENT, INC. DBA        Complaint Filed:   November 29, 2022
   LITTLE CAESARS PIZZA, a California     Trial Date:        None Set
16 corporation; LITTLE CAESAR ENTERPRISES,
   INC., a Corporation; and DOES 1 through 50,
17 inclusive
18
19                      Defendants.
20
21
22
23
24
25
26
27
28

BY FAX

---
**LITTLE CAESAR ENTERPRISE'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

1    Defendant LITTLE CAESAR ENTERPRISES, INC. ("Defendant"), hereby responds to the

2    Complaint ("Complaint") filed by Plaintiff MARIA RODRIGUEZ ("Plaintiff") as follows:

3                                    **GENERAL DENIAL**

4         Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies

5    generally, and specifically each and every allegation, statement, matter, and each purported cause of

6    action contained in Plaintiff's Complaint. Defendant, without limiting the generality of the foregoing,

7    denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or

8    in any way at all, by reason of any acts or omissions of Defendant.

9                                    **SEPARATE DEFENSES**

10        In further answer to Plaintiff's Complaint, and as separate and distinct defenses, Defendant

11   alleges the following defenses.  In asserting these defenses, Defendant does not assume the burden of

12   proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

13        Defendant does not presently know all of the facts and circumstances respecting Plaintiff's

14   claims.  Defendant reserves the right to amend this Answer should Defendant later discover facts

15   demonstrating the existence of additional defenses.

16                                   **FIRST DEFENSE**

17                            **(Failure to State a Cause of Action)**

18        1.    Neither Plaintiff's Complaint nor any purported claim therein alleged, state facts

19   sufficient to constitute claims upon which relief may be granted against Defendant.

20                                   **SECOND DEFENSE**

21                              **(Statute of Limitations)**

22        2.    Plaintiff's Complaint, and each claim contained therein, is barred by the applicable

23   statute of limitations including, but not limited to California Code of Civil Procedure sections 335.1,

24   338, 340(a), (b) and Business & Professions Code section 17208.

25                                   **THIRD DEFENSE**

26                                    **(*Laches*)**

27        3.    Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing

28   substantial prejudice to Defendant and thus Plaintiffs' claims are barred by the equitable doctrine of

1

1  *laches.*

2  **FORTH DEFENSE**

3  **(Waiver)**

4      4.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by

5  the doctrine of waiver.

6  **FIFTH DEFENSE**

7  **(Unclean Hands)**

8      5.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by

9  the doctrine of unclean hands.

10  **SIXTH DEFENSE**

11  **(Estoppel)**

12      6.    Plaintiff is estopped by her own acts, omissions, representations, and/or courses of

13  conduct from asserting the claim upon which she seeks relief.

14  **SEVENTH DEFENSE**

15  **(Attorneys' Fees)**

16      7.    Plaintiff's Complaint fails to allege facts sufficient to establish a claim for attorneys'

17  fees.

18  **EIGHTH DEFENSE**

19  **(Not Knowing and Intentional)**

20      8.    Plaintiff and/or the members of the purported class are not entitled to recovery on the

21  wage statement claims, because any failure to provide adequate wage statements, which Defendant

22  expressly denies occurred, was not knowing and intentional.

23  **NINTH DEFENSE**

24  **(No Injury)**

25      9.    Plaintiff is not entitled to recovery on her claims because she was not injured as a

26  result of any purported inaccuracy on her wage statements.

27

28

1

## TENTH DEFENSE

2

### (Constitutionality)

3   10.   The penalties claimed by Plaintiff in this case are excessive and thus, violate the state

4   and federal Constitutions.

5

## ELEVENTH DEFENSE

6

### (Due Process)

7   11.   The penalties claimed by Plaintiff in this case are unjust, arbitrary, and oppressive or

8   confiscatory and thus, should be reduced upon any finding of liability on the part of the Defendant.

9

## TWELFTH DEFENSE

10

### (Plaintiffs Lack Standing)

11   12.   Plaintiff's Complaint is barred because Plaintiff lack's standing to sue on behalf of

12   other employees.

13

## THIRTEENTH DEFENSE

14

### (Manageability)

15   13.   Plaintiff's Complaint and her class/representative claims fail to state a cause of action

16   as they cannot be tried in any manageable way.

17

## FOURTEENTH DEFENSE

18

### (Not Willful)

19   14.   Plaintiff's Complaint relating to waiting time penalties fails because Defendant did

20   not willfully fail to pay waiting time penalties and a good faith dispute exists as to whether Plaintiff

21   and other employees were owed wages at the time of their termination.

22

## FIFTEENTH DEFENSE

23

### (Release)

24   15.   The Complaint is barred pursuant to an accord and satisfaction and/or is barred to the

25   extent that Plaintiff or any class member or representative action member has entered into or is

26   otherwise bound by compromise, settlement, or release agreements regarding those claims.

27

28

1

2

## SIXTEENTH DEFENSE

### (Setoff and Recoupment)

3          16.      If any wages have not been paid to the Plaintiff (or any putative class member),

4   Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra

5   payments or overpayments and/or all obligations of Plaintiff or the respective putative class

6   member(s) owed to Defendant against any judgment that may be entered against Defendant.

7

8

## SEVENTEENTH DEFENSE

### (Reasonableness and Good Faith)

9          17.      Plaintiff's claims are barred, in whole or in part, because Defendant acted reasonably

10  and in good faith at all times material herein based on all relevant facts and circumstances known by

11  Defendant at the time it so acted including relying in good faith upon written guidelines,

12  interpretations and rules promulgated by the California Department of Industrial Relations,

13  California Division of Labor Standards Enforcement ("DLSE"), and upon the administrative practice

14  and enforcement policies of the DLSE.

15

16

## EIGHTEENTH DEFENSE

### (*De Minimis*)

17         18.      Some or all of the amounts claimed by Plaintiff in the Complaint are barred by the *de*

18  *minimis* doctrine.

19

20

## NINETEENTH DEFENSE

### (Consent)

21         19.      The alleged conduct of Defendant complained of in the Complaint was approved,

22  consented to, and/or authorized by Plaintiff through her actions, omissions and course of conduct;

23  accordingly, the Complaint and each purported cause of action therein is barred.

24

25

## TWENTIETH DEFENSE

### (Penalties)

26         20.      The Complaint fails to allege facts sufficient to establish a claim for penalties under

27  the California Labor Code, including, but not limited to, Sections 203, 226, 558 and/or 1198.5.

28

1

## TWENTY-FIRST DEFENSE

2

### (Adequate Legal Remedy)

·3       21.     Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and

4    complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive

5    relief in a labor dispute under California Labor Code §§ 1138.1, *et seq.*

6

## TWENTY-SECOND DEFENSE

7

### (Failure to Mitigate)

8       22.     If Plaintiff has suffered any damage as a result of the facts alleged in the Complaint,

9    which the Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any

10    damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

11

## TWENTY-THIRD DEFENSE

12

### (No Basis for Class Claims)

13       23.     Plaintiff cannot establish the requirements for certification of a class under California

14    Code of Civil Procedure § 382.

15

## TWENTY-FOURTH DEFENSE

16

### (Plaintiff Lacks Standing – As to the Class And Representative Claims)

17       24.     Plaintiff's Complaint, and each cause of action alleged therein, is barred because

18    Plaintiff lacks standing to sue on behalf of persons who were formerly or are currently employed by

19    the Defendant.

20

## TWENTY-FIFTH DEFENSE

21

### (Failure to State Facts Warranting Class Certification and Class Damages or Any Other

22

### Representative Action – As to the Class and Representative Claims)

23       25.     Plaintiff's allegations that this action should be certified as a class action or otherwise

24    proceed as a representative action are barred by the failure to allege facts sufficient to warrant class

25    certification and/or an award of class damages, pursuant to California Code of Civil Procedure §

26    382. Plaintiff likewise failed to set forth any facts supporting any other form of representative

27    action.

28

1

## TWENTY-SIXTH DEFENSE

2

### (Improper UCL Representative Action)

3      26.     Plaintiff's Cause of Action for violations of California Business and Professions Code

4   §§ 17200 *et seq.*, is barred under Proposition 64 as an improper representative action to the extent

5   Plaintiff is attempting to bring claims on behalf others without meeting all class action procedural

6   requirements.

7

## TWENTY-SEVENTH DEFENSE

8

### (Safe Harbor Defense)

9      27.     Plaintiff is barred from recovering under the Complaint, and in particular, under the

10   ninth cause of action alleged therein, in whole or in part, under the "safe harbor defense," which

11   precludes Plaintiff from stating a claim through California Business and Professions Code § 17200 *et*

12   *seq.* when such a claim would be barred under other principles of law.

13

## TWENTY-EIGHTH DEFENSE

14

### (Action Unconstitutional)

15      28.     Plaintiff's purported claim for violation of California Business and Professions Code

16   § 17200 is barred, under the facts and circumstances of this case, because provisions of § 17200

17   violate the provisions of the United States and California Constitutions, including, but not limited to,

18   the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

19

## TWENTY-NINTH DEFENSE

20

### (Not Plaintiff's Employer)

21      29.     Defendant is not liable on any of Plaintiff's claims, nor those of the putative class,

22   because it did not employ the Plaintiff nor any other purported similarly situated putative class

23   member.

24

## THIRTIETH DEFENSE

25

### (Right to Raise Other Defenses)

26      30.     Defendant reserves the right to and does rely upon such other and further affirmative

27   defenses as may become available during discovery in this action and Defendant reserves the right to

28   amend this Answer to assert any such defenses.

6

1    WHEREFORE, Defendant respectfully prays for judgment as follows:

2    1.    That judgment is entered in favor of Defendant and against Plaintiff;

3    2.    That Plaintiff takes nothing by way of the Complaint and that the Complaint is

4    dismissed against Defendant with prejudice;

5    3.    For Defendant's attorneys' fees and costs of suit incurred herein, as permitted by law;

6    and

7    4.    For such other and further relief as the Court may deem just and proper.

8

9

DATED: January 24, 2023                          **LATHROP GPM LLP**

10

11

12    By:

                          Laura Reathaford
13                        Attorneys for Defendant
                          LITTLE CAESAR ENTERPRISES, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

**LITTLE CAESAR ENTERPRISE'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

1

## PROOF OF SERVICE

2

*Maria Rodriguez v. BP Venture Management, Inc. dba Little Caesars Pizza, et al.*
Sacramento County Superior Court, Case No. 34-2022-00330413

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is LATHROP GPM LLP, 2049 Century Park East, Suite 3500S, Los Angeles, California 90067.

6

7

On January 24, 2023, I served the foregoing document(s): **DEFENDANT LITTLE CAESAR ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT** on the interested parties in this action addressed and sent as follows:

8

9

Justin F. Marquez, Esq.                    *Attorneys for Plaintiff*
Christina M. Le, Esq.                       *Maria Rodriguez*

10

Zachary D. Greenberg, Esq.

11

WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor

12

Los Angeles, CA  90010
Tel: 213-381-9988

13

Fax: 213-381-9989
justin@wilshirelawfirm.com

14

cle@wilshirelawfirm.com
zgreenberg@wilshirelawfirm.com

15

16

17

☒   **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated.  I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

18

19

20

21

☒   **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

22

23

24

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26

Executed on January 24, 2023, at Los Angeles, California.

27

*Kris Trecartin*
KRIS TRECARTIN

28

46742873

8

**PROOF OF SERVICE**